CAROLINE F. BANNISTER and CAROLINE J. MARSH,
appellants,

*v.*

JOHN JACKSON, respondent.

On appeal from a decree of the prerogative court. The opinion of the ordinary is reported *18 Stew. Eq. 702.*

Decree affirmed, for the reasons given by the ordinary.

GARRISON, J. (dissenting), delivered the following opinion:

This testator left an estate of about $15,000. His immediate family consisted of his wife and his only child, a daughter. He had four adult brothers in England, to whom he left his entire estate, excepting $1,000, which he divided between his widow and his daughter. The testator being a confirmed inebriate, it is, under the proofs, a debatable question whether this will was the product of a somewhat sober interval. But there is a conspicuous fact apparent upon the face of the will itself, which is, in my judgment, conclusive upon the question of testamentary capacity. In this document the testator describes his daughter as being married to Edward Marsh. He then makes the only special provision contained in his will, namely, that said Marsh shall not control or interfere with the $500 given to his wife. At the time of the making of this will Marsh had been dead for two years, and it is in evidence that testator had knowledge of the widowed condition of his daughter. I have always supposed that the inability of a testator to recognize those facts and conditions which constituted the natural claims on his bounty, was the touchstone of testamentary capacity. Indeed, if I were called upon to formulate an illustration of inherent lack of testamentary capacity, I should instance the case of a father who provided for an only daughter as if her husband were living, when, in fact, she had for two years been a widow with a dependent child. In the present case, the instrument thus specially framed to protect the daughter's legacy from the active interference of her dead husband was read aloud to the testator by the scrivener who, under his instructions, had prepared it. Whether this clause was inserted by the testator's express directions, or whether he failed to recognize the startling anomaly of its provisions when read to him, seems to me an immaterial question. In either case, a condition of mind and memory is disclosed which I find myself unable to describe by the terms " sound and disposing."

The decree admitting this will to probate should, in my opinion, be reversed.

*For affirmance*—THE CHIEF-JUSTICE, DEPUE, DIXON, MAGIE, SCUDDER, VAN SYCKEL, BROWN, COLE, SMITH, WHITAKER—10.

